UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ANNE GRIFFITH,                    )
                                  )
        Plaintiff                 )
                                  )
v.                                )        2:25-cv-00377-SDN
                                  )
CITY OF ROCKLAND,                 )
                                  )
        Defendant                 )

**ORDER ON DISCOVERY ISSUE**

In her complaint, Plaintiff alleges in part that Defendant unlawfully denied her requests for a work-related accommodation—to work remotely.  In discovery, because Defendant's representatives consulted legal counsel when assessing Plaintiff's accommodation requests, Plaintiff seeks (1) to obtain copies of communications between Defendant's representatives and Defendant's counsel regarding Plaintiff's accommodation requests, and (2) to conduct counsel's deposition.  Citing the attorney-client privilege, Defendant objects to Plaintiff's discovery requests.

**DISCUSSION**

By rule, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1).  "The attorney–client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).  It is designed to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the

observance of law and administration of justice." *Id.* "By safeguarding communications between attorney and client, the privilege encourages disclosures that facilitate the client's compliance with law and better enable him [or her] to present legitimate arguments when litigation arises." *Lluberes v. Uncommon Prods., LLC*, 663 F.3d 6, 23 (1st Cir. 2011).

Federal Rule of Evidence 501 defines, in the first instance, the application and scope of the attorney–client privilege. The Rule provides:

> The common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege unless any of the following provides otherwise:
>
> • the United States Constitution;
>
> • a federal statute; or
>
> • rules prescribed by the Supreme Court.
>
> But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

Fed. R. Evid. 501. Although Plaintiff asserts both state and federal claims, because federal law governs several of Plaintiff's claims in this case, federal common law controls Defendant's assertion of the attorney-client privilege. *See Green v. Fulton*, 157 F.R.D. 136, 139 (D. Me. 1994) ("Where a federal civil action involves combined state and federal law claims, as here, and the asserted privilege is relevant to both claims, federal courts have consistently ruled that privileges are governed by federal law, not state law."); *Marshall v. Spectrum Med. Grp.*, 198 F.R.D. 1, 2 (D. Me. 2000) (concluding that privilege claim was governed by federal law where asserted privilege was relevant to both state and federal merits claims, and state issues were not predominant); *see also Swidler & Berlin v. United*

2

*States*, 524 U.S. 399 (1998) (developing the federal common law attorney-client privilege in the context of a motion to quash a federal grand jury subpoena); *Cavallaro v. United States*, 284 F.3d 236, 245 (1st Cir. 2002) (same, motion to quash IRS summons).

As the party invoking the privilege, Defendant "must show both that it applies and that it has not been waived." *Lluberes,* 663 F.3d at 24.  "The privilege can be waived when otherwise privileged material is disclosed, or when a party seeking the privilege has affirmatively placed the subject matter of the privilege in issue for its own benefit." *Open Software Found., Inc. v. U.S. Fidelity & Guar. Co.,* 191 F.R.D. 325, 327 (D. Mass. 2000) (citations omitted).

Because the communications between Defendant's representatives and counsel are within the privilege, Plaintiff would not be entitled to the information unless the privilege were waived. Plaintiff maintains that she is entitled to the information because the communications were part of Defendant's decision-making process regarding Plaintiff's accommodation requests.  In support of her argument, Plaintiff notes and the record reflects (a) that the City Manager regularly consults counsel when the City receives an accommodation request to make sure the City complies with applicable law, and (b) that the City Manager consulted counsel when assessing Plaintiff's requests.

Defendant represents that it does not intend to reference the City Manager's consultation with counsel or in any way suggest that Defendant's decision was the result of consultation with legal counsel or that the decision received counsel's endorsement.  In this way, the case is distinguishable from this Court's decision in *Young v. Maine Coast Regional Health Facilities*, No. 1:19-cv-00202-GZS, 2020 WL 1987338 (D. Me. Apr. 27,

2020), upon which Plaintiff relies to support her contention that she is entitled to the information.

In *Young*, the plaintiff alleged the defendants wrongfully terminated her employment. *Id.* at \*1. As part of their defense, the defendants intended to explain their decision-making process, including the fact that defendants' representatives consulted counsel. *Id.* The defendants did not plan to assert that the decision was based on counsel's advice, nor did they intend to introduce the content of the communication with counsel. *Id.* The Court reasoned that from the disclosure that defendants consulted counsel, a factfinder could infer that counsel perceived no legal impediment to the termination of the plaintiff's employment. *Id.* at \*2. The Court, therefore, concluded that the plaintiff was entitled to know the substance of the communications between defendants' representatives and counsel to permit the plaintiff the opportunity to challenge any such inference. *Id.*

In this case, Defendant does not intend to present evidence that could lead a factfinder to infer that legal counsel determined that Defendant's denial of Plaintiff's accommodation requests was lawful. In other words, Defendant has not waived the privilege by "affirmatively plac[ing] the subject matter of the privilege in issue for its own benefit." *Open Software Found.,* 191 F.R.D. at 327. To require disclosure of the attorney-client communications under the circumstances of this case would potentially provide a disincentive for employers to consult legal counsel when making employee-related decisions. Such a result would frustrate a commendable objective of the privilege, which is to "encourage[] disclosures that facilitate the client's compliance with law." *Lluberes*, 663 F.3d at 23.

4

## CONCLUSION

Because Defendant does not intend to rely on or in any way reference at trial its consultation with legal counsel as part of its decision-making process regarding Plaintiff's requests for a work-related accommodation, (1) Defendant is not required to produce copies of the communications between Defendant's representatives and counsel, and (2) Plaintiff may not conduct the deposition of Defendant's counsel.

## <u>NOTICE</u>

Any objection to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of May, 2026.

5